**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 25-1761**

---

In re:  MARQUITA N. HAGINS,

Petitioner.

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of North Carolina, at Raleigh.  (5:25-cv-00280-M-RN)

---

Submitted:  August 6, 2025                          Decided:  September 2, 2025

---

Before KING and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Petition denied by unpublished per curiam opinion.

---

Marquita Hagins, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquita N. Hagins petitions for a writ of mandamus seeking an order directing the reassignment of her case to a different district judge, transferring her case to a different court due to alleged judicial bias, or authorizing her repossession of real property from which she claims she was wrongfully evicted. We conclude that Hagins is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (citation modified).

Mandamus may be used to seek recusal of a district court judge. *See In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). However, the district court judge who was initially assigned to Hagins's case has already recused himself, rendering moot Hagins's request for his recusal. To the extent that Hagins seeks recusal of all judges in the Eastern District of North Carolina and transfer of her case to a different district, Hagins's conclusory allegations of bias and prejudice are insufficient to warrant such relief. *See Belue v. Leventhal*, 640 F.3d 567, 572-74 (4th Cir. 2011). Finally, to the extent that Hagins seeks an order authorizing her repossession of the relevant real property, Hagins has not shown a clear right to the relief sought nor that she has no other adequate means of attaining this relief. Indeed, Hagins's case challenging her eviction is still pending before the district court.

2

Accordingly, we deny the pending motions and deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*